UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PAUL J. GERSTENBERGER, AND CELERINA B. GERSTENBERGER,<br><br>           Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | CIV. NO. 24-00014 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO. 24)**

Before the Court is Defendant United States of
America's ("United States") Motion to Dismiss First Amended
Complaint (ECF No. 24) ("Motion"), filed on July 29, 2024. [Dkt.
no. 25.] Plaintiffs Paul J. Gerstenberger and Celerina B.
Gerstenberger ("Plaintiffs") filed their memorandum in
opposition on September 13, 2024, and the United States filed
its reply on September 20, 2024. [Dkt. nos. 29, 30.] The Court
finds this matter suitable for disposition without a hearing
pursuant to Rule LR7.1(c) of the Local Rules of Practice for the
United States District Court for the District of Hawaii ("Local
Rules"). The United States' Motion is hereby granted in part and
denied in part for the reasons set forth below. The Motion is
granted insofar as all of Plaintiffs' claims are dismissed, and

the Motion is denied insofar as the dismissal is without prejudice.

## BACKGROUND

The operative pleading in this case is Plaintiffs' First Amended Complaint, filed on July 15, 2024 ("Amended Complaint"). [Dkt. no. 24.] Plaintiffs filed this action to recover federal income tax and interest that they allege was erroneously assessed by the United States against Plaintiffs for the 2004 tax year. See Amended Complaint at ¶ 1. Plaintiffs' factual allegations in the Amended Complaint are summarized below.

Plaintiffs sold real property in Louisville, Colorado in 2004 for $675,000. [Id. at ¶ 13.] According to Plaintiffs, they were unaware that they had an outstanding tax liability for the 2004 tax year until they attempted to refinance their home in 2007. See id. at ¶¶ 14-19. Because of the outstanding tax liability, Plaintiffs were unable to refinance their home and were unable to make their mortgage payments. They eventually lost the home in foreclosure. [Id. at ¶¶ 20-21.]

In 2007, after they learned about the outstanding tax liability for the 2004 tax year, Plaintiffs and their certified

public accountant ("CPA"), Donald Iley ("Iley"),[1] attempted to contact the Internal Revenue Service ("IRS") to try to resolve what Plaintiffs contend was an erroneous assessment. [Id. at ¶ 22.]

In 2009, the IRS audited Plaintiffs' tax returns for the 2004 tax year. On May 9, 2011, Plaintiffs received a notice stating that they had no tax liability for the 2004 tax year ("5/9/11 Notice"). [Id. at ¶¶ 25-26.] However, the IRS subsequently issued Plaintiffs another notice, dated August 2, 2012, of a $236,819.00 tax deficiency for the 2004 tax year ("8/2/12 Notice"). [Id. at ¶¶ 27-28.]

On August 6, 2024, the IRS filed a Notice of Federal Tax Lien in the State of Hawai`i Bureau of Conveyances against Plaintiffs in the amount of $513,358.77 ("Hawai`i Lien Notice"). [Id. at ¶ 30.] Plaintiffs' tax refunds that were due for the

---

[1] In United States v. Iley, No. 16-CR-00284-CMA-1, in the United States District Court for the District of Colorado, "Iley pleaded guilty to one count of wire fraud and one count of aiding in the preparation of a false tax return," and he subsequently appealed a two-level enhancement that was imposed at sentencing. See United States v. Iley, 914 F.3d 1274, 1277-78 (10th Cir. 2019). The Tenth Circuit affirmed the district court's sentencing order. Id. at 1290. Iley was Plaintiffs' CPA from 1998 until his conviction in 2017. Plaintiffs state they are unsure to what extent Iley's actions may have affected the events relevant to this case. [Amended Complaint at ¶¶ 23-24.] The issues related to Iley's work on Plaintiffs' tax matters are not relevant to the instant Motion.

2013 tax year and the 2015 tax year were withheld and applied to offset the alleged 2004 tax liability. [Id. at ¶¶ 31-32.]

On August 31, 2017, the IRS recorded another tax lien against Plaintiffs in the amount of $127,959.09 in the Jefferson County, Colorado Clerk and Recorder's Office ("Colorado Lien Notice"). [Id. at ¶ 33.] On December 17, 2019, Plaintiffs paid $144,038.88 to release the Colorado Lien. [Id. at ¶ 35.] Plaintiffs paid a total of $195,085.88 toward their alleged tax liability for tax year 2004. [Id. at ¶ 36.]

In a February 13, 2023 notice, the IRS informed Plaintiffs that they overpaid their 2004 tax liability by $133,946.05 ("2/13/23 Notice"). [Id. at ¶ 37.] Plaintiffs allege the IRS withheld $57,067.11 of the $133,946.05 overpayment to apply toward a new tax liability Plaintiffs allegedly owed for the 2015 tax year. [Id.] Plaintiffs state they disputed this assessment for the 2015 tax year, and they filed an amended 2015 return on September 6, 2018 ("Amended 2015 Return"), reflecting that their total tax liability for the 2015 tax year was $580.00. [Id. at ¶ 38.] Plaintiffs paid the $580.00, but the IRS has not returned the $57,067.11 the IRS withheld from the overpayment for the 2004 tax year. [Id. at ¶¶ 38-39.]

Plaintiffs assert the following claims: a claim for refunds under Title 26 United States Code Section 7422(a) and Title 28 United States Code Section 1346(a)(1) ("Count I"); a

4

failure to release lien claim pursuant to Title 26 United States Code Section 7432 ("Count II"); and a claim alleging the unauthorized inspection or disclosure of returns and return information under Title 26 United States Code Section 7431 ("Count III"). [Id. at PageID.59-62.] Plaintiffs seek the following relief: damages as to all counts; a refund of the overpayment of taxes for the 2004 and 2015 tax years; interest; attorney's fees and costs; and any other appropriate relief. [Id. at PageID.62.]

Plaintiffs state that they previously filed an action in the United States District Court for the District of Colorado, Gerstenberger v. Internal Revenue Service, Civil Action No. 17-cv-02184-PAB-SKC ("Colorado Action") on September 11, 2017, and an administrative claim with the IRS on August 24, 2018 ("8/24/18 Claim"), both of which were based on "the factual allegations and amounts contained within this Complaint." See Amended Complaint at ¶ 34.

In the instant Motion, the United States seeks the dismissal of the Amended Complaint with prejudice, based on a lack of subject matter jurisdiction because there is no waiver of the United States' sovereign immunity due to Plaintiffs' failure to exhaust their administrative remedies in a timely

manner.[2] In the alternative, the United States seeks dismissal of Plaintiffs' claims for failure to state a claim upon which can be granted. [Motion at 1; id., Mem. in Supp. at 3.]

**STANDARD**

I.    **Federal Rule of Civil Procedure 12(b)(1)**

Rule 12(b)(1) authorizes a defendant to move for the dismissal of an action for "lack of subject-matter jurisdiction[.]" "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation and quotation marks omitted). This district court has stated that

> a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

---

[2] The United States argues Plaintiffs' claims under Title 26 United States Code Section 7433 claims fail. [Motion, Mem. in Supp. at 10-12.] Although Plaintiffs cite Section 7433 as one of the bases for jurisdiction, see Amended Complaint at ¶ 6, the Amended Complaint does not allege a claim for relief under Section 7433. This Court therefore will not address the United States' arguments regarding Section 7433.

<u>Jiang v. Fang</u>, CIVIL NO. 20-00100 JAO-KJM, 2020 WL 6889169, at *1 (D. Hawai`i Nov. 23, 2020).

"A 'facial' attack accepts the truth of the plaintiff's allegations . . . . The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6) [of the Federal Rules of Civil Procedure]." <u>Leite v. Crane Co.</u>, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation and some internal quotation marks omitted).

## II.  <u>Federal Rule of Civil Procedure 12(b)(6)</u>

The Ninth Circuit has described the standard applicable to a motion under Rule 12(b)(6) as follows:

> To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the [plaintiff's] factual allegations "must . . . suggest that the claim has at least a plausible chance of success." <u>In re Century Aluminum [Co. Sec. Litig.]</u>, 729 F.3d [1104,] 1107 [(9th Cir. 2013)]. In other words, their complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Id.</u> (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. 1937).
>
> Following <u>Iqbal</u> and <u>Twombly</u>, . . . . we have settled on a two-step process for evaluating pleadings:
>
> > First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must

>           contain sufficient allegations of underlying
>           facts to give fair notice and to enable the
>           opposing party to defend itself effectively.
>           Second, the factual allegations that are
>           taken as true must plausibly suggest an
>           entitlement to relief, such that it is not
>           unfair to require the opposing party to be
>           subjected to the expense of discovery and
>           continued litigation.
>
>           [Eclectic Props. E., LLC v. Marcus & Millichap
>           Co., 751 F.3d 990, 996 (9th Cir. 2014)] (quoting
>           Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.
>           2011)). In all cases, evaluating a complaint's
>           plausibility is a "context-specific" endeavor
>           that requires courts to "draw on . . . judicial
>           experience and common sense." Id. at 995–96
>           (internal quotation marks omitted).

Levitt v. Yelp! Inc., 765 F.3d 1123, 1134–35 (9th Cir. 2014)

(some alterations in Levitt). This Court is not required to

accept as true "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements." Iqbal, 556

U.S. at 678 (citing Twombly, 550 U.S. at 555).

## DISCUSSION

### I.    Plaintiffs' Exhibits

        Plaintiffs' memorandum in opposition includes a

declaration by Plaintiff Paul Gerstenberger and numerous

exhibits. See Mem. in Opp. at 2–3 (listing the documents that

the memorandum in opposition relies upon). In its Reply, the

United States raised various arguments regarding Plaintiffs'

exhibits, but the United States has not raised a challenge to

the authenticity of Plaintiffs' exhibits. Cf. Reply at 3

(arguing that, even if Plaintiffs' Exhibit 9 - which was not attached to the Amended Complaint - is considered, it does not establish jurisdiction); id. at 8 (arguing that attaching exhibits to an opposition to a motion to dismiss which were not referenced in the complaint at issue in the motion cannot cure the defects in the complaint).

> Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).[3] When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Then, both parties must have the opportunity "to present all the material that is pertinent to the motion." Id.
>
> There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201. Both of these procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways. . . .

Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). Because a facial challenge to this Court's subject

---

[3] Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002), overruled Lee on grounds not relevant to the issues presented in the instant Motion. See, e.g., Cortez v. Klique Car Club, Inc., Case No. 2:23-cv-07210-MEMF-MAA, 2024 WL 988374, at *1 (C.D. Cal. Mar. 6, 2024). Galbraith was abrogated on other grounds by Twombly, 550 U.S. 544. See, e.g., Higa v. Kobayashi, CIV. NO. 19-00664 LEK-WRP, 2020 WL 2027290, at *4 n.4 (D. Hawai`i Apr. 27, 2020).

matter jurisdiction is considered under the same standards as a
Rule 12(b)(6) motion, <u>Leite</u>, 749 F.3d at 1121, the <u>Khoja</u>
analysis also applies to the materials that this Court can
consider in ruling on the United States' facial challenge.

A.    **<u>Judicial Notice</u>**

> Judicial notice under Rule 201 permits a
> court to notice an adjudicative fact if it is
> "not subject to reasonable dispute." Fed. R.
> Evid. 201(b). A fact is "not subject to
> reasonable dispute" if it is "generally known,"
> or "can be accurately and readily determined from
> sources whose accuracy cannot reasonably be
> questioned." Fed. R. Evid. 201(b)(1)-(2).

> Accordingly, "[a] court may take judicial
> notice of matters of public record without
> converting a motion to dismiss into a motion for
> summary judgment." <u>Lee</u>, 250 F.3d at 689
> (quotation marks and citation omitted). But a
> court cannot take judicial notice of disputed
> facts contained in such public records. <u>Id.</u>

<u>Khoja</u>, 899 F.3d at 999 (alteration in <u>Khoja</u>). Exhibit 10 is the
Hawai`i Lien Notice, and Exhibit 13 is the Colorado Lien Notice.
[Mem. in Opp., Declaration of Paul J. Gerstenberger
("Gerstenberger Decl."), Exhs. 10, 13 (dkt. no. 29 at
PageID.132, PageID.137).[4]] The United States has not contested
Plaintiffs' representation that Exhibits 10 and 13 are true and
accurate copies of the publicly filed lien notices. This Court

_____

[4] All of Plaintiffs' exhibits are authenticated in the
Gerstenberger Declaration. <u>See</u> Gerstenberger Decl. at ¶¶ 2-15.
This Court has only considered the portions of the Gerstenberger
Declaration that authenticate Plaintiffs' exhibits.

therefore takes judicial notice of Plaintiffs' Exhibits 10 and
13, but this Court does not take judicial notice of any disputed
facts within those documents. This Court will consider
Exhibits 10 and 13 in ruling on the Motion, and the
consideration of those exhibits does not convert the Motion into
a motion for summary judgment.

### B.    __Incorporation by Reference__

Unlike rule-established judicial notice,
incorporation-by-reference is a judicially
created doctrine that treats certain documents as
though they are part of the complaint itself. The
doctrine prevents plaintiffs from selecting only
portions of documents that support their claims,
while omitting portions of those very documents
that weaken—or doom—their claims. Parrino v. FHP,
Inc., 146 F.3d 699, 706 (9th Cir. 1998),
*superseded by statute on other grounds as
recognized in* Abrego Abrego v. Dow Chem. Co., 443
F.3d 676, 681–82 (9th Cir. 2006) (observing "the
policy concern underlying the rule: Preventing
plaintiffs from surviving a Rule 12(b)(6) motion
by deliberately omitting references to documents
upon which their claims are based").

Although the doctrine is straightforward in
its purpose, it is not always easy to apply. In
Ritchie, we said that a defendant may seek to
incorporate a document into the complaint "if the
plaintiff refers extensively to the document or
the document forms the basis of the plaintiff's
claim." [United States v.] Ritchie, 342 F.3d
[903,] 907 [(9th Cir. 2003)]. How "extensively"
must the complaint refer to the document? This
court has held that "the mere mention of the
existence of a document is insufficient to
incorporate the contents of a document" under
Ritchie. Coto Settlement v. Eisenberg, 593 F.3d
1031, 1038 (9th Cir. 2010) (citing Ritchie, 342
F.3d at 908–09). . . .

Khoja, 899 F.3d at 1002.

Plaintiffs' Exhibit 2 is the 5/9/11 Notice; Exhibit 3 is the 8/2/12 Notice; Exhibit 5 is the 2/13/23 Notice; and Exhibit 9 is the 8/24/18 Claim without the attachments to the claim.[5] [Dkt. no. 29 at PageID.104, PageID.105-06, PageID.110-12, PageID.130-31.] Because these documents are part of the basis for Plaintiffs' claims in this case, they are incorporated by reference in the Amended Complaint. See Khoja, 899 F.3d at 1002. As previously noted, the United States does not contest the authenticity of Plaintiffs' exhibits. This Court will therefore consider Exhibits 2, 3, 5, and 9 in ruling on the Motion, and the consideration of those exhibits does not convert the Motion into a motion for summary judgment.

In addition, included within Plaintiffs' Exhibit 8 is Plaintiffs' Amended 2015 Return. [Dkt. no. 29 at PageID.124-29.] The Amended 2015 Return is part of the basis for Plaintiffs' claims in this case. The Amended 2015 Return is therefore incorporated by reference in the Amended Complaint, and this Court will consider that portion of Exhibit 8 in ruling on the Motion.

---

[5] The 8/24/18 Claim included "143 pages of attachments" that are not included with Exhibit 9. [Gerstenberger Decl. at ¶ 10.] Instead, Plaintiffs refer to the Complaint filed in the Colorado Action. [Id.]

C. **Other Exhibits**

The following exhibits are neither documents subject to judicial notice, nor are they incorporated by reference in the Amended Complaint:

-Exhibit 1, an IRS notice dated September 27, 2010 addressed to Paul Gerstenberger regarding the 2004 tax year; [dkt. no. 29 at PageID.103;]

-Exhibit 4, Plaintiffs' mailing documentation and Request for a Collection Due Process or Equivalent Hearing, regarding the 2004 tax year, stamped received by the IRS office in Kona, Hawai`i on June 6, 2013; [id. at PageID.107-09;]

-Exhibit 6, Plaintiffs' mailing documentation and Claim for Refund and Request for Abatement for the 2004 tax year, dated May 3, 2023; [id. at PageID.113-14;]

-Exhibit 7, Plaintiffs' mailing documentation and Claim for Refund and Request for Abatement for the 2015 tax year, dated May 4, 2023; [id. at PageID.115-16;]

-Exhibit 8, Plaintiffs' mailing documentation and letter dated October 27, 2023 to the IRS, with enclosures;[6] [id. at PageID.117-29;]

-Exhibit 11, a letter, dated May 18, 2017 to Plaintiffs, from the IRS, regarding the 2004 tax year; [id. at PageID.134-35;]

-Exhibit 12, an IRS notice, dated August 21, 2017, to Plaintiffs regarding the 2004 tax year; [id. at PageID.136;] and

-Exhibit 14, a letter, dated October 7, 2019, to Plaintiffs from the IRS regarding the 2004 tax year, [id. at PageID.138-40].

---

[6] One of the enclosures with Plaintiffs' October 27, 2023 letter is Plaintiffs' Amended 2015 Return, which this Court has taken judicial notice of. See *supra* Discussion Section I.B. Some of the other enclosures with the October 27, 2023 letter are included within other exhibits and are not addressed in the context of the October 27, 2023 letter.

This Court therefore will not consider Exhibits 1, 4, 6, 7, 11, 12, and 14 in determining whether the Amended Complaint should be dismissed. In addition, other than the Amended 2015 Return within Exhibit 8, this Court will not consider Exhibit 8 in determining whether the Amended Complaint should be dismissed.

## II.    <u>Subject Matter Jurisdiction</u>

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity. If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." <u>Esquivel v. United States</u>, 21 F.4th 565, 572–73 (9th Cir. 2021) (internal quotation marks and citations omitted). This Court must address whether there is a waiver of the United States' sovereign immunity as to each of Plaintiffs' claims. <u>Cf</u>. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 67 n.1 (1996) ("Once federal subject matter jurisdiction is established over the underlying case between plaintiff and defendant, the jurisdictional propriety of each additional claim is to be assessed individually." (brackets, quotation marks, and citation omitted)).

### A.    <u>Count I – Refund Claim</u>

In Count I, Plaintiffs seek "a refund of $118,206.06 in federal income tax, plus interest as allowed by law, for

their 2004 and 2015 tax years." [Amended Complaint at ¶ 41.]

This district court has stated:

> Section 7422, in conjunction with 28 U.S.C.
> § 1346(a)(1), waives sovereign immunity for an
> action asserting a claim for a refund of taxes
> erroneously collected. However, for sovereign
> immunity to be waived for a tax refund suit, "[a]
> taxpayer must have paid his taxes in full before
> bringing a claim for refund." Reynoso v. United
> States, 692 F.3d 973, 980 (9th Cir. 2012) (citing
> Flora v. United States, 357 U.S. 63, [75] (1958),
> aff'd on rehearing, 362 U.S. 145 (1960)); see
> also Thomas v. United States, 755 F.2d 728, 729
> (9th Cir. 1985) ("[T]here is no jurisdiction in
> the district courts over suits for [a tax] refund
> . . . until the taxpayer has paid the **full amount**
> of the contested . . . assessment.") (citation
> omitted). Nor is sovereign immunity waived unless
> the taxpayer previously filed an administrative
> claim for a tax refund with the IRS in accordance
> with applicable laws and IRS regulations. 26
> U.S.C. § 7422(a); see Thomas, 755 F.2d at 729
> (recognizing lack of subject-matter jurisdiction
> for refund suits if the taxpayer has not "filed a
> claim for refund which the IRS has either
> rejected or not acted upon in six months")
> (citations omitted). An administrative claim for
> a tax refund must be filed "within 3 years from
> the time the return was filed or 2 years from the
> time the tax was paid, . . . or if no return was
> filed by the taxpayer, within 2 years from the
> time the tax was paid." 26 U.S.C. § 6511(a).
> "[I]f the taxpayer fails to file such a claim
> within the § 6511(a) statute of limitations, a
> district court lacks jurisdiction to entertain
> the suit." Bolden v. United States, 2013 WL
> 389028, at *3 (N.D. Ill. Jan. 31, 2013).

Cox v. United States, Civ. No. 17-00001 JMS-KSC, 2017 WL

2385341, at *5 (D. Hawai`i May 31, 2017) (alterations in Cox).

The Motion raises a facial challenge to subject matter

jurisdiction over Count I. See Safe Air for Everyone, 373 F.3d

at 1039; Motion, Mem. in Supp. at 8 (arguing that, even when the
factual allegations of the Amended Complaint are construed "in
the light most favorable to Plaintiffs," the filings cited in
the Amended Complaint cannot confer jurisdiction over
Plaintiffs' refund claims). Therefore, for purposes of the
instant Motion, this Court will assume that the factual
allegations regarding Count I are true. See Leite, 749 F.3d at
1121.

     As previously noted, Plaintiffs made a December 17,
2019 payment toward their assessed tax liability for the 2004
tax year, and on February 13, 2023, the IRS determined that
Plaintiffs overpaid their 2004 tax liability. See Amended
Complaint at ¶¶ 35, 37; see also Gerstenberger Decl., Exh. 5
(2/13/23 Notice). Plaintiffs state their tax liability for the
2015 tax year was $580, which Plaintiffs paid on September 6,
2018, when they filed their Amended 2015 Return. See Amended
Complaint at ¶ 38; see also Gerstenberger Decl., Exh. 8 at
PageID.124-29 (Amended 2015 Return). However, the IRS determined
that Plaintiffs' 2015 tax liability was greater than $580,
because the IRS withheld $57,067.11 from Plaintiffs' overpayment
of their 2004 tax liability to apply toward Plaintiffs' 2015 tax
liability. See Amended Complaint at ¶ 37.

     Based on the factual allegations of the Amended
Complaint, which are assumed to be true for purposes of the

16

instant Motion, it is clear that Plaintiffs paid their assessed 2004 tax liability in full before they filed this action. In fact, they overpaid their tax liability. It can also be inferred from the factual allegations of the Amended Complaint that Plaintiffs paid their assessed 2015 tax liability in full. The $580 that Plaintiffs paid with their Amended 2015 Return in 2018 and the IRS's withholding of $57,0677.11 from Plaintiffs' overpayment for 2004 presumably satisfied Plaintiffs' assessed 2015 tax liability. If Plaintiffs' 2015 tax liability was greater, the IRS would have withheld a larger portion from Plaintiffs' overpayment for 2004. This Court therefore assumes, for purposes of the instant Motion, that the tax liabilities at issue in Count I were paid in full before Plaintiffs filed this action. See Reynoso, 692 F.3d at 980.

However, Plaintiffs must also have filed a timely administrative claim for a refund before filing suit. See 26 U.S.C. §§ 6511(a), 7422(a).[7] The only administrative claim

---

[7] Title 26 United States Code Section 6511 sets forth limitations on tax credits or refunds, and it states, in pertinent part:

> Claim for credit or refund of an overpayment of
> any tax imposed by this title in respect of which
> tax the taxpayer is required to file a return
> shall be filed by the taxpayer within 3 years
> from the time the return was filed or 2 years
> from the time the tax was paid, whichever of such
> periods expires the later, or if no return was
>                                   (. . . continued)

described in the Amended Complaint is Plaintiffs' 8/24/18 Claim,
"which included all of the factual allegations and amounts
contained within [the Amended Complaint]." See Amended Complaint
at ¶ 34. This administrative claim could not have been based
upon the events that occurred after August 24, 2018, such as
Plaintiffs' September 6, 2018 filing of their Amended 2015
Return, the February 13, 2023 determination that Plaintiffs
overpaid their tax liability for 2004, and the application of
part of that overpayment toward Plaintiffs' assessed tax
liability for 2015. Thus, because neither Plaintiffs' tax
liability for 2004 nor Plaintiffs' tax liability for 2015 was
finally determined at the time Plaintiffs filed the 8/24/18

---

               filed by the taxpayer, within 2 years from the
               time the tax was paid.

Section 6511(a). Title 26 United States Code Section 7422
governs civil actions to recover tax refunds, and it states, in
pertinent part:

               No suit or proceeding shall be maintained in any
               court for the recovery of any internal revenue
               tax alleged to have been erroneously or illegally
               assessed or collected, or of any penalty claimed
               to have been collected without authority, or of
               any sum alleged to have been excessive or in any
               manner wrongfully collected, until a claim for
               refund or credit has been duly filed with the
               Secretary, according to the provisions of law in
               that regard, and the regulations of the Secretary
               established in pursuance thereof.

Section 7422(a).

Claim, the 8/24/18 Claim cannot satisfy the exhaustion of administrative remedies requirement for a waiver of the United States' sovereign immunity as to Plaintiffs' refund claims.

Because Plaintiffs have not satisfied the requirements to establish a waiver of the United States' sovereign immunity for tax refund claims, Count I must be dismissed for lack of subject matter jurisdiction.[8] See Cox, 2017 WL 2385341, at *6.

**B.   Count II – Failure to Release Lien Claim**

Plaintiffs bring Count II pursuant to Title 26 United States Code Section 7432.

> Section 7432 waives sovereign immunity when the IRS "knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer." 26 U.S.C. § 7432(a). Section 6325 requires the government to release any lien that has "been fully satisfied or has become legally unenforceable." 26 U.S.C. § 6325(a). The applicable Treasury Regulation explains that § 6325 requires the government to release a lien after "satisfaction of the tax in full or . . . the expiration of the statutory period for collection." 26 C.F.R. § 30[1].6325-1.

PCCE, Inc. v. United States, 159 F.3d 425, 428 (9th Cir. 1998) (some alterations in PCCE); see also 26 C.F.R. § 301.7432-1(a) ("If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien

---

[8] In light of the dismissal of Count I, this Court does not address the United States' other arguments in support of its position that subject matter jurisdiction over Count I is lacking.

on property of the taxpayer in accordance with section 6325 of
the Internal Revenue Code, such taxpayer may bring a civil
action for damages against the United States in federal district
court."). Section 7432 "require[s] a plaintiff to exhaust
administrative remedies before filing suit." Thomas v. Internal
Revenue Serv., CIVIL No. 21-00431 LEK-WRP, 2021 WL 6197950, at
*4 (D. Hawai`i Dec. 14, 2021) (citations regarding 26 U.S.C.
§ 7433 omitted) (citing 26 U.S.C. § 7432(d)(1); Tritz v.
Koskinen, 2015 WL 10436106, at *8 (C.D. Cal. Oct. 5, 2015));[9] see
also Tritz, 2015 WL 10436106, at *8 ("[T]his Court doesn't have
jurisdiction [over the] Section 7432 claims because Plaintiffs
failed to exhaust their administrative remedies before filing
this lawsuit."). The United States' jurisdictional challenge to
Count II is a facial challenge. See Motion, Mem. in Supp. at 12-
14. This Court will therefore assume that the factual
allegations regarding Count II are true.

 Title 26 Code of Federal Regulations Section 301.7432-
1(e) states:

> (1)  Except as provided in paragraph (e)(2) of
> this section, no action under paragraph (a) of
> this section shall be maintained in any federal
> district court before the earlier of the
> following dates:

---

[9] The magistrate judge's amended findings and recommendation
in Thomas was adopted by this Court. 2021 WL 6197062 (Dec. 30,
2021).

(i) The date a decision is rendered on a
claim filed in accordance with paragraph (f)
of this section; or

(ii) The date 30 days after the date an
administrative claim is filed in accordance
with paragraph (f) of this section.

(2)  If an administrative claim is filed in
accordance with paragraph (f) of this section
during the last 30 days of the period of
limitations described in paragraph (i) of this
section, the taxpayer may file an action in
federal district court anytime after the
administrative claim is filed and before the
expiration of the period of limitations, without
waiting for 30 days to expire or for a decision
to be rendered on the claim.

Section 301.7432-1(f) sets forth the procedures that a taxpayer

must follow when filing an administrative claim. It states:

(1)  Manner. An administrative claim for actual,
direct economic damages as defined in paragraph
(c) of this section shall be sent in writing to
the district director (marked for the attention
of the Chief, Special Procedures Function) in the
district in which the taxpayer currently resides
or the district in which the notice of federal
tax lien was filed.

(2)  Form. The administrative claim shall
include:

(i)  The name, current address, current home
and work telephone numbers and any
convenient times to be contacted, and
taxpayer identification number of the
taxpayer making the claim;

(ii) A copy of the notice of federal tax
lien affecting the taxpayer's property, if
available;

(iii) A copy of the request for release of
lien made in accordance with § 401.6325-1(f)

21

of the Code of Federal Regulations, if
applicable;

(iv) The grounds, in reasonable detail, for
the claim (include copies of any available
substantiating documentation or
correspondence with the Internal Revenue
Service);

(v)  A description of the injuries incurred
by the taxpayer filing the claim (include
copies of any available substantiating
documentation or evidence);

(vi) The dollar amount of the claim,
including any damages that have not yet been
incurred but that are reasonably foreseeable
(include copies of any available
substantiating documentation or evidence);
and

(vii) The signature of the taxpayer or duly
authorized representative. For purposes of
this paragraph, a duly authorized
representative is any attorney, certified
public accountant, enrolled actuary, or any
other person permitted to represent the
taxpayer before the Internal Revenue Service
who is not disbarred or suspended from
practice before the Internal Revenue Service
and who has a written power of attorney
executed by the taxpayer.

Plaintiffs acknowledge that they were required to comply with

Section 301.7432-1(f)(2) before bringing their Section 7432

claim, and they argue the 8/24/18 Claim satisfied these

requirements. See Mem in Opp. at 6.

Based on Exhibit 9 and the allegations about the

8/24/18 Claim in the Amended Complaint, this Court cannot

determine whether the 8/24/18 Claim satisfied Section 301.7432-

1(f)(2). To the extent that Plaintiffs rely on the attachments
that were submitted with the 8/24/18 Claim but that Plaintiffs
did not include within Exhibit 9, this Court declines to
consider them. Plaintiffs had the ability to include the
attachments in Exhibit 9 but Plaintiffs chose not to do so.
Because Plaintiffs have not satisfied the requirements to
establish a waiver of the United States' sovereign immunity for
a claim alleging a knowing or negligent failure to release a
lien, Count II must be dismissed for lack of subject matter
jurisdiction. See Tritz, 2015 WL 10436106, at *8.

   C.   **Count III – Unauthorized Inspection/Disclosure Claim**

        Count III is brought pursuant to Title 26 United

States Code Section 7431, which states:

        (a)  In general. -

             (1)  Inspection or disclosure by employee of
             United States.--If any officer or employee
             of the United States knowingly, or by reason
             of negligence, inspects or discloses any
             return or return information with respect to
             a taxpayer in violation of any provision of
             section 6103, such taxpayer may bring a
             civil action for damages against the United
             States in a district court of the United
             States.

26 U.S.C. § 7431(a)(1). "The remainder of section 7431, however,
limits the scope of that general waiver of [the government's
sovereign] immunity." Aloe Vera of Am., Inc. v. United States,
580 F.3d 867, 871 (9th Cir. 2009). Section 7431(d) states:

"Notwithstanding any other provision of law, an action to enforce any liability created under this section may be brought, without regard to the amount in controversy, at any time within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure." The Ninth Circuit has held that the limitations period in Section 7431(d) is jurisdictional and not subject to waiver or equitable tolling. Aloe Vera, 580 F.3d at 871-72.

The United States' jurisdictional challenge to Count III is a facial challenge. See Motion, Mem. in Supp. at 14-15. This Court will therefore assume that the factual allegations regarding Count III are true.

Count III is based on the allegedly improper disclosure of Plaintiffs' 2004 returns and/or return information. See Amended Complaint at ¶¶ 55-58. According to Plaintiffs, their "alleged tax liability for tax year 2004 [was] disclosed to, at minimum, Plaintiffs' mortgage lender, as Plaintiffs were informed they would not be able to find a lender willing to refinance their property due to this tax liability." [Id. at ¶ 57.] The alleged disclosure to Plaintiffs' mortgage lender occurred by no later than 2007, and Plaintiffs learned about it in 2007. See id. at ¶¶ 14-22 (allegations regarding Plaintiffs' discovery of the purported tax liability for 2004 after they tried to refinance their home in 2007). Thus, the

24

portion of Plaintiffs' Section 7431 claim based on the
disclosure of their 2004 return and/or return information to
their mortgage lender by no later than 2007 is untimely.
Plaintiffs' untimely claim does not fall within the United
States' waiver of its sovereign immunity for Section 7431
claims.

Because the alleged disclosure to Plaintiffs' mortgage
lender is the only unauthorized inspection or disclosure alleged
in Count III, Count III must be dismissed for lack of subject
matter jurisdiction.

## III. <u>Request for Dismissal with Prejudice</u>

All of Plaintiffs' claims have been dismissed. The
United States argues the dismissal of the Amended Complaint
should be with prejudice. <u>See</u> Motion at 1.

"In general, dismissal for lack of subject matter
jurisdiction is without prejudice." <u>Missouri ex rel. Koster v.</u>
<u>Harris</u>, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted). In
addition, this Court notes that Plaintiffs have raised a
plausible argument that the IRS did not make a final
determination of Plaintiffs' tax liability for the tax year 2004
until 2023. <u>See</u> Mem. in Opp. at 3-4; <u>see also</u> Gerstenberger
Decl., Exh. 5 (2/13/23 Notice). Plaintiffs also allege a portion
of the overpayment for the 2004 tax year reflected in the
2/13/23 Notice was withheld by the IRS to be applied toward

Plaintiffs' liability for the 2015 tax year. See Amended
Complaint at ¶ 37. Prior to that point, Plaintiffs believed that
the $580 they paid with their Amended 2015 Return was the extent
of their tax liability for 2015. See id. at ¶ 38. It can be
reasonably inferred from the allegations of the Amended
Complaint that Plaintiffs' liability for the 2015 tax year was
not resolved by the IRS until 2023.

    In May 2023, Plaintiffs submitted claims for refunds
for the 2004 tax year and the 2015 tax year. See Gerstenberger
Decl., Exhs. 6, 7. In addition, Plaintiffs argue their
October 27, 2023 letter to the IRS is an administrative claim
regarding the 2023 determination of their liabilities for the
2004 tax year and the 2015 tax year. See Mem. in Opp. at 4-5;
see also Gerstenberger Decl., Exh. 8. Thus, Plaintiffs may be
able to amend their Section 7422 claim and their Section 7432
claim so that the claims fall within the United States' waiver
of sovereign immunity.

    In addition, the Amended Complaint suggests that there
may have been more unauthorized disclosures of Plaintiffs'
returns and/or return information for the 2004 tax year besides
the disclosure to their mortgage lender. See Amended Complaint
at ¶ 57 (alleging Plaintiffs' "alleged tax liability for tax
year 2004 [was] disclosed to, **at minimum**, Plaintiffs' mortgage
lender" (emphasis added)); id. at ¶ 8 ("This action is the

culmination of a 20-year-long dispute between Plaintiffs and the
[IRS] arising from the IRS' incorrect assessment of Plaintiffs'
federal income tax liability for tax year 2004."). Plaintiffs
may be able to amend their Section 7431 claim so that the claim
falls within the United States' waiver of sovereign immunity.

The dismissal of the Amended Complaint is therefore
without prejudice. Plaintiffs will be given the opportunity to
amend their claims. If Plaintiffs choose to take this
opportunity, they are ordered to file a second amended complaint
by **April 14, 2025**. Plaintiffs are cautioned that the failure to
comply with the filing deadline for the second amended complaint
will result in the dismissal of their claims with prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, the United States' Motion
to Dismiss First Amended Complaint (ECF No. 24), filed July 29,
2024, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion
is GRANTED insofar as Plaintiffs' First Amended Complaint, filed
July 15, 2024, is DISMISSED. The Motion is DENIED insofar as the
dismissal is WITHOUT PREJUDICE.

If Plaintiffs choose to take the opportunity to amend
their claims, they are ORDERED to file a second amended
complaint by **April 14, 2025**. Plaintiffs are CAUTIONED that, if
they fail to comply with the **April 14, 2025** deadline, the claims
in the First Amended Complaint that were dismissed without

27

prejudice will be dismissed with prejudice, and this case will

be closed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 14, 2025.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**PAUL J. GERSTENBERGER, ET AL. VS. UNITED STATES OF AMERICA; CV
24-00014 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF NO.
24)**