UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PAUL J. GERSTENBERGER, AND CELERINA B. GERSTENBERGER, | CIV. NO. 24-00014 LEK-WRP |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF NO. 35)

Before the Court is Defendant United States of America's ("United States") Motion to Dismiss Second Amended Complaint (ECF No. 35) ("Motion"), filed on May 27, 2025. [Dkt. no. 42.] Plaintiffs Paul J. Gerstenberger and Celerina B. Gerstenberger ("Plaintiffs") filed their memorandum in opposition on June 25, 2025, and the United States filed its reply on July 2, 2025. [Dkt. nos. 48, 49.] This matter came on for hearing on July 16, 2025. The United States' Motion is hereby granted for the reasons set forth below. Plaintiffs' Second Amended Complaint, [filed 4/14/25 (dkt. no. 35),] with the exception of Plaintiffs' refund claim regarding the 2015 tax year, is DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiffs filed their original complaint on January 10, 2024, and they filed their First Amended Complaint on July 15, 2024. [Dkt. nos. 1, 24.] On March 14, 2025, this Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss First Amended Complaint (ECF No. 24) ("3/14 Order"). [Dkt. no. 34.[1]]. This Court dismissed all of Plaintiffs' claims without prejudice for lack of subject matter jurisdiction. 3/14 Order, 2025 WL 821049, at *10-11. Plaintiffs filed their Second Amended Complaint on April 14, 2015. [Dkt. no. 35.]

The Second Amended Complaint alleges the following claims that were alleged in the First Amended Complaint: a claim for refunds under Title 26 United States Code Section 7422(a) and Title 28 United States Code Section 1346(a)(1) ("Count I"); a failure to release lien claim pursuant to Title 26 United States Code Section 7432 ("Count II"); and a claim alleging the unauthorized inspection or disclosure of returns and return information under Title 26 United States Code Section 7431 ("Count III"). See Second Amended Complaint at ¶¶ 57-80; see also First Amended Complaint at ¶¶ 40-58. Plaintiffs plead the same factual allegations that were pled in the First Amended

---

[1] The 3/14 Order is also available at 2025 WL 821049.

Complaint, with some additional allegations. Compare Second
Amended Complaint at ¶¶ 9-56, with First Amended Complaint at
¶¶ 8-39. The factual allegations in the First Amended Complaint
are summarized in the 3/14 Order. 3/14 Order, 2025 WL 821049, at
*1-2.

     Plaintiffs also allege two new claims in the Second
Amended Complaint: unauthorized collection actions under
Title 26 United States Code Section 7433 ("Count IV"); and
violation of Fifth Amendment Due Process rights ("Count V").
[Second Amended Complaint at ¶¶ 81-99.] Plaintiffs allege in
Count IV that, on August 31, 2017, the Internal Revenue Service
("IRS") recorded a tax lien against Plaintiffs in the amount of
$127,959.09 in the State of Colorado ("Colorado Lien Notice"),
[id. at ¶ 86,] despite Plaintiffs' telephone conversation with
IRS Revenue Officer Michael Lucas ("Lucas") where they agreed to
resolve Plaintiffs' remaining tax balance and set a meeting for
negotiation, [id. at ¶¶ 83-84]. Moreover, Plaintiffs allege that
Lucas visited their business and demanded a full accounting of
their items for imminent auction, in spite of their agreement to
resolve Plaintiffs' tax balance. [Id. at ¶ 87.] Plaintiffs
allege in Count V that the IRS's delays and refusal to correct
erroneous assessments and liens violated Plaintiffs' due process
rights. [Id. at ¶ 90.] Plaintiffs allege that the IRS
strategically manipulated the liability amounts at key moments

to deprive Plaintiffs of timely access to judicial remedies and to delay Plaintiffs' ability to file their claims. Therefore, as a result of the IRS's actions, Plaintiffs suffered severe financial and reputational harm without notice or the opportunity to be heard, thereby violating the Due Process Clause of the Fifth Amendment. [Id. at ¶¶ 95-97.]

The Second Amended Complaint seeks the following relief: damages as to all counts; a refund of the overpayment of taxes for the 2004 and 2015 tax years; interest; attorney's fees and costs; and any other appropriate relief. [Id. at pg. 17.]

In the instant Motion, the United States seek dismissal of the claims against them pursuant to Rule 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, [Motion at 8,] and Rule 12(b)(6) for failure to state a claim, [id. at 17]. The United States acknowledges that Plaintiffs have sufficiently alleged an administrative refund claim in Count I as to the 2015 tax year, however, the United States does not concede that this portion of Count I has merit. See id. at 3 n.1. The United States also argues that all of Plaintiffs' claims except for the 2015 refund claim should be dismissed with prejudice because further amendment would be futile. [Id. at 22.]

The United States argues: 1) Plaintiffs failed to exhaust their administrative remedies in a timely manner before

4

filing suit; 2) Plaintiffs' claim in Count III is barred by the statute of limitations; 3) Plaintiffs failed to establish a waiver of sovereign immunity for their claim in Count V; and 4) Plaintiffs failed to allege sufficient facts to support a cognizable legal theory. [Id. at 8-22.]

## DISCUSSION

### I.   Plaintiffs' Exhibits

The Second Amended Complaint has twenty-three exhibits. [Dkt. nos. 35-1 to 35-23.] The United States raises various arguments regarding Plaintiffs' exhibits in its Motion, but the United States has not raised a challenge to the authenticity of Plaintiffs' exhibits. See Motion at 20. Exhibit 4 is a Notice of Federal Tax Lien against Plaintiffs in the amount of $513,358.77, filed on August 6, 2014 in the State of Hawai`i Bureau of Conveyances ("Hawai`i Lien Notice"), and Exhibit 9 is the Colorado Lien Notice. [Dkt. nos. 35-4, 35-9.] This Court takes judicial notice of Exhibits 4 and 9 for the reasons stated in the 3/14 Order. See 3/14 Order, 2025 WL 821049, at *4 (quoting Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018)).

This Court will also consider the following exhibits because they are incorporated by reference in the Second Amended Complaint as part of the basis for Plaintiffs' claims. See id. at *5 (applying Khoja, 899 F.3d at 1002, and concluding that

certain exhibits were incorporated by reference in the First

Amended Complaint).

-Exhibit 2, an IRS notice dated May 9, 2011, addressed to
    Paul J. Gerstenberger, stating that he had no tax liability
    for the 2004 tax year. [Dkt. no. 35-2.]

-Exhibit 3, an IRS notice dated August 2, 2012, addressed to
    Plaintiffs, informing them of a $236,819.00 deficiency for
    the 2004 tax year. [Dkt. no. 35-3.]

-Exhibit 5, an IRS notice dated October 20, 2014, addressed to
    Paul J. Gerstenberger, informing him that the $30,347.00
    overpayment for tax year 2013 had been applied to offset
    the 2004 tax liability. [Dkt. no. 35-5.]

-Exhibits 6 and 22, both of which are the IRS notice dated
    August 21, 2017, addressed to Paul J. Gerstenberger,
    stating that his tax liability for the 2004 tax year was
    changed to $127,959.09. [Dkt. no. 35-22.]

-Exhibit 10, an administrative claim, with supporting documents,
    filed by Plaintiffs with the IRS on August 24, 2018
    ("8/24/18 Claim"). [Dkt. no. 35-10.]

-Exhibit 11, an IRS notice dated February 13, 2023, addressed to
    Paul J. Gerstenberger, stating he overpaid his 2004 tax
    liability by $133,946.05. [Dkt. no. 35-11.]

-Exhibit 12, Plaintiffs' Claim for Refund and Request for
    Abatement for the 2004 tax year, dated May 3, 2023 ("5/3/23
    Claim"). [Dkt. no. 35-12.]

-Exhibit 13, Plaintiffs' Claim for Refund and Request for
    Abatement for the 2015 tax year, dated May 4, 2023. [Dkt.
    no. 35-13.]

-Exhibit 14, an administrative claim, dated June 7, 2023, with
    supporting documents, filed by Plaintiffs and addressed to
    the Area Director of the Treasury Division and the Treasury
    Inspector General for Tax Administration ("6/7/23 Claim").
    [Dkt. no. 35-14.]

-Exhibit 15, a letter from the County of Hawai`i Office of the
    Corporation Counsel addressed to Paul Gerstenberger, dated
    August 3, 2023. [Dkt. no. 35-15.]

-Exhibit 17, an administrative claim, with supporting documents, filed by Plaintiffs with the IRS on October 27, 2023 ("10/27/23 Claim"). Dkt. no. 35-17; see also Second Amended Complaint at ¶ 54.

-Exhibit 18, an administrative claim, with supporting documents, filed by Plaintiffs with the IRS on April 11, 2025 ("4/11/25 Claim"). [Dkt. no. 35-18.]

-Exhibit 19, a letter to dated May 18, 2017 to Plaintiffs from the IRS, informing them of the IRS's decision about their audit reconsideration for the 2004 tax year. [Dkt. no. 35-19.]

-Exhibit 23, an IRS notice dated October 7, 2019, addressed to Plaintiffs, stating that their tax liability for the 2004 tax year was $236,819.00. [Dkt. no. 35-23.]

As previously noted, the United States does not contest the authenticity of Plaintiffs' exhibits, and the consideration of these exhibits does not convert the Motion into a motion for summary judgment because these exhibits are incorporated by reference in the Second Amended Complaint.

This Court will not consider Exhibits 1, 7, 8, 16, and 21 in ruling on the Motion because these exhibits are neither documents subject to judicial notice, nor are they incorporated by reference in the Second Amended Complaint. Plaintiffs only briefly refer to these documents in the Second Amended Complaint, and none of these documents form the basis of Plaintiffs' claims. See Khoja, 899 F.3d at 1002 ("a defendant may seek to incorporate a document into the complaint if the plaintiff refers **extensively** to the document or the document

forms the basis of the plaintiff's claim" (emphasis added)
(citation and internal quotation marks omitted)). In addition,
this Court will not consider Exhibit 20 because Exhibit 20
appears to be a duplicate of Exhibit 17.[2] Compare dkt. no. 35-20,
with dkt. no. 35-17.

## II.  Refund Claim

In Count I, Plaintiffs seek "a refund of $118,206.06
in federal income tax, plus interest as allowed by law, for
their 2004 and 2015 tax years." [Second Amended Complaint at
¶ 58.] The United States argues Plaintiffs failed to allege that
they have exhausted their administrative remedies through the
timely filing of a 2004 refund claim, which deprives this Court
of subject matter jurisdiction over the portion of Count I
asserting a refund claim for the 2004 tax year. [Motion at 8-9.]
As noted in the 3/14 Order, Title 26 United States Code
Section 6511 sets forth limitations on claims for tax credits or
refunds, and it states, in pertinent part:

> Claim for credit or refund of an overpayment of
> any tax imposed by this title in respect of which
> tax the taxpayer is required to file a return
> shall be filed by the taxpayer within 3 years
> from the time the return was filed or 2 years
> from the time the tax was paid, whichever of such
> periods expires the later, or if no return was

---

[2] The Second Amended Complaint describes a different
Exhibit 20. See Second Amended Complaint at ¶ 46. Even if the
document described in paragraph 46 had been attached to the
Second Amended Complaint, it would not have changed the rulings
in the instant Order.

> filed by the taxpayer, within 2 years from the
> time the tax was paid.

26 U.S.C. § 6511(a); see also 3/14 Order, 2025 WL 821049, at *6-8 (discussing the refund claim asserted in in the First Amended Complaint). The Ninth Circuit has stated:

> the plain language of § 6511(a) states that the
> two-year limitations period, on which the
> taxpayer bases his claim, begins at the time the
> tax is "paid."
>
>          . . . .
>
>     The taxpayer's argument that the statute of
> limitations period began to run only when he
> received notice that his deficiency had been paid
> in full and that the lien had been released is
> without merit. Section 6511(a) contains no
> reference whatsoever to notice. See 26 U.S.C.
> § 6511(a); see also United States v. Dalm, 494
> U.S. 596, 609 & n.7, 110 S. Ct. 1361, 1368-69 &
> n.7, 108 L. Ed. 2d 548 (1990) (noting that under
> § 6511(a), the time for filing a claim for refund
> begins to run when the return is filed or the tax
> is paid, "not when the taxpayer discovers that
> the payment was erroneous"); United States v.
> Swift & Co., 282 U.S. 468, 475-76, 51 S. Ct. 202,
> 204-05, 75 L. Ed. 464 (1931) (holding that the
> limitations period begins when the commissioner
> approves the schedule showing that the taxpayer
> has been credited with an overassessment, and
> recognizing that this date will predate notice to
> the taxpayer of the credit); Poulos v. United
> States, 50 A.F.T.R.2d (P-H) ¶ 82-5126 (E.D. Mich.
> 1982) (rejecting the argument that the tax was
> "paid" only when the taxpayer learned of the
> seizure because "§ 6511 does not incorporate any
> requirement of knowledge of payment").

Qureshi v. U.S. I.R.S., 75 F.3d 494, 496-97 (9th Cir. 1996) (footnote omitted).

Count I of the First Amended Complaint was dismissed for lack of subject matter jurisdiction because the 8/24/18 Claim could not satisfy the exhaustion of administrative remedies requirement for a waiver of the United States' sovereign immunity as to Plaintiffs' refund claims. See 3/14 Order, 2025 WL 821049, at *7-8. Plaintiffs attempt to cure the defect in the Second Amended Complaint by presenting the 5/3/23 Claim. See Second Amended Complaint, Exh. 12.

Plaintiffs' last payments towards their 2004 tax liability were in 2014 and 2016 when the refunds that Plaintiffs were entitled to for the 2013 tax year and the 2015 tax year were withheld and applied to offset the alleged 2004 tax liability. See Second Amended Complaint at ¶¶ 34-36; id., Exh. 5.[3] Plaintiffs would have had to submit an administrative refund claim for the 2013 tax year credit by 2016, and for the 2015 tax year credit by 2018. See Qureshi, 75 F.3d at 496-97. Plaintiffs did not submit an administrative refund claim for their 2004 tax liability until they submitted their 5/3/23 Claim, which is five years after the statute of limitations expired in 2018.

_____

[3] Plaintiffs did not provide an exhibit showing that their 2015 tax refund of $20,700.00 was withheld and applied to offset their 2004 tax liability. However, this fact is not disputed by the United States. See Reply at 4.

Further, the United States argues Plaintiffs' attempt
to invoke equitable tolling fails. [Motion at 9.] The United
States Supreme Court held in <u>United States v. Brockamp</u> that
"Congress did not intend the 'equitable tolling' doctrine to
apply to § 6511's time limitations." 519 U.S. 347, 354 (1997).[4]
Moreover, even if equitable tolling were available for civil
actions to obtain tax refunds, Plaintiffs do not plead factual
allegations that, if proven, would establish grounds for
equitable tolling. <u>Cf.</u> <u>Irwin v. Dep't of Veteran Affs.</u>, 498 U.S.
89, 96 (1990) (stating that federal courts only sparingly extend
equitable relief, and do not apply tolling in circumstances
where the claimant "failed to exercise due diligence in
preserving his legal rights" (citation omitted)). Therefore,
Plaintiffs' 2004 refund claim in Count I must be dismissed for
lack of subject matter jurisdiction. Further, under the
circumstances of this case, it is clear that Plaintiffs cannot
cure the defect in their 2004 refund claim by amendment. <u>See</u>
<u>Hoang v. Bank of Am., N.A.</u>, 910 F.3d 1096, 1102 (9th Cir. 2018)
("Dismissal with prejudice and without leave to amend is not
appropriate unless it is clear . . . that the complaint could
not be saved by amendment." (quotation marks and citation
omitted)). The United States' Motion is granted insofar as the

---

[4] <u>Brockamp</u> was superseded by statute on other grounds. <u>See,</u>
<u>e.g.,</u> <u>Doe v. KPMG, LLP</u>, 398 F.3d 686, 689 (5th Cir. 2005).

portion of Count I alleging a refund claim for the 2004 tax year
is dismissed with prejudice.

The portion of Count I alleging a refund claim for the
2015 tax year arises from a February 13, 2023 IRS notice which
stated "the IRS determined that Plaintiffs had overpaid their
2004 tax liability by $133,946.05; however, the IRS withheld
$57,067.11 and applied this amount to a new alleged tax
liability for tax year 2015." [Second Amended Complaint at
¶ 45.] On May 4, 2023, Plaintiffs submitted a Form 843 Claim for
Refund and Request for Abatement in the amount of $57,067.11 for
the 2015 tax year. [Id. at ¶ 48; id., Exh. 13.] This submission
meets the requirements set forth in Title 26 United States Code
Section 6511. Further, the United States concedes that the
portion of Count I alleging a 2015 refund claim can survive a
motion to dismiss. See Motion at 3 n.1. Therefore, that portion
of Count I states a plausible claim against the United States.
See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a
motion to dismiss, a complaint must contain sufficient factual
matter, accepted as true, to state a claim to relief that is
plausible on its face. A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." (citations and internal quotation marks
omitted)).

## III. <u>Count II – Failure to Release Lien Claim</u>

Plaintiffs bring Count II pursuant to Title 26 United States Code Section 7432. <u>See</u> Second Amended Complaint at ¶ 62. As noted in the 3/14 Order, Title 26 Code of Federal Regulations Section 301.7432-1(f) sets forth the procedures that a taxpayer must follow when filing an administrative claim. It states:

> (1)  Manner. An administrative claim for actual, direct economic damages as defined in paragraph (c) of this section shall be sent in writing to the district director (marked for the attention of the Chief, Special Procedures Function) in the district in which the taxpayer currently resides or the district in which the notice of federal tax lien was filed.
>
> (2)  Form. The administrative claim shall include:
>
>> (i)  The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>>
>> (ii) A copy of the notice of federal tax lien affecting the taxpayer's property, if available;
>>
>> (iii) A copy of the request for release of lien made in accordance with § 401.6325-1(f) of the Code of Federal Regulations, if applicable;
>>
>> (iv) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>>
>> (v)  A description of the injuries incurred by the taxpayer filing the claim (include

13

copies of any available substantiating
documentation or evidence);

(vi) The dollar amount of the claim,
including any damages that have not yet been
incurred but that are reasonably foreseeable
(include copies of any available
substantiating documentation or evidence);
and

(vii) The signature of the taxpayer or duly
authorized representative. For purposes of
this paragraph, a duly authorized
representative is any attorney, certified
public accountant, enrolled actuary, or any
other person permitted to represent the
taxpayer before the Internal Revenue Service
who is not disbarred or suspended from
practice before the Internal Revenue Service
and who has a written power of attorney
executed by the taxpayer.

The United States argues Plaintiffs failed to exhaust
their administrative remedies before filing suit because
Plaintiffs did not specify in their purported administrative
claims:

whether they sent a request to the IRS to release
the lien at issue, mention no information
concerning the lien(s) subject to their claims,
whether Plaintiffs mailed a copy of the [Notice
of Federal Tax Lien] at issue, provided a
description of their injuries, or even the amount
of the lien at issue despite stating that two
liens had been filed **before** filing suit.

[Motion at 13 (some citations omitted) (citing Second Am.
Compl., Ex. 14).] Moreover, the United States argues Plaintiffs
did not send the claims to the "district director (marked for
the attention of the Chief, Special Procedures Function)" as

required by Section 301.7432-1(f). [Reply at 6 (citing Second
Am. Compl., Exs. 10, 14-16, 17).]

Count II of the First Amended Complaint was dismissed
in the 3/14 Order for lack of subject matter jurisdiction
because this Court could not determine whether the 8/24/18 Claim
satisfied Section 301.7432-1(f)(2) as Plaintiffs did not include
the attachments to the 8/24/18 Claim. 3/14 Order, 2025 WL
821049, at *9. Plaintiffs attempt to cure this defect in the
Second Amended Complaint by providing the full 8/24/18 Claim in
Exhibit 10.

Plaintiffs failed to include all of the information
required by Section 301.7432-1(f) in their purported
administrative claims. Plaintiffs allege their 8/24/18 Claim
satisfies the requirements, [Mem. in Opp. at 6,] however, the
8/24/18 Claim is not sent to the district director, is not
marked for the attention of the Chief, Special Procedures
Function, and claim does not request for a release of lien.
[Second Amended Complaint, Exh. 10 at PageID.227-28.] The
8/24/18 Claim only seeks monetary damages and mentions that the
IRS liens are "unsupported." [Id. at PageID.227.] This is not
enough to satisfy the Section 301.7432-1(f) requirements. See
Friedman v. I.R.S., CASE NO. 3:23-cv-05075-TL, 2024 WL 2818662,
at *6 (W.D. Wash. May 31, 2024) (stating that "[a]t a minimum,
[the plaintiff] must allege that he included all the information

15

required by 26 C.F.R. §§ 301.7432-1(f)(2) and 301.7433-1(e)(2)
in the administrative claims that he sent to the IRS").

Plaintiffs also allege the requirements are satisfied
in the documents submitted as Exhibits 14, 15, 16, 17, and 18 to
the Second Amended Complaint. [Mem. in Opp. at 6.] However, the
6/7/23 Claim is not addressed to the district director, see
Second Amended Complaint, Exh. 14 at PageID.383, and the letter
that is Exhibit 15 is a response to the 6/7/23 Claim, see id.,
Exh. 15. Plaintiffs argue Exhibit 16 includes the 6/7/23 Claim
that is Exhibit 14, except that Exhibit 16 was addressed and
sent "to the correct address." See Second Amended Complaint at
¶ 52. This Court has ruled that Exhibit 16 cannot be considered
in ruling on the instant Motion because Exhibit 16 is not
incorporated by reference in the Second Amended Complaint. See
supra Discussion Section I. Moreover, even if this Court did
consider Exhibit 16, the exhibit would be insufficient to
determine whether the 6/7/23 Claim that was purportedly resent
to the correct address satisfies the requirements set forth in
Section 301.743201(f) because Exhibit 16 is merely a "mailing
receipt," not the resubmitted claim itself. See Second Amended
Complaint at ¶ 52 (stating "Plaintiffs have been unable to
locate a scan copy of this new mailing" and describing
Exhibit 16 as "their mailing receipt for the same").

Further, the 10/27/23 Claim is not addressed to the
district director and fails to request a release of liens. See
id., Exh. 17 at PageID.443. Finally, although the 4/11/25 Claim
is addressed to the district director and contains allegations
that the IRS previously failed to release liens against
Plaintiffs, the 4/11/25 Claim fails to request a release of
liens. See id., Exh. 18 at PageID.456-67.

Because none of the administrative claims submitted by
Plaintiffs meet the requirements set forth in Section
301.743201(f), Count II must be dismissed for lack of subject
matter jurisdiction. Further, under the circumstances of this
case, it is clear that Plaintiffs cannot cure the defect in
their failure to release lien claim by amendment. The United
States' Motion is granted insofar as Count II is dismissed with
prejudice.

## IV.  <u>Count III – Unauthorized Inspection/Disclosure Claim</u>

Count III is brought pursuant to Title 26 United
States Code Section 7431. [Second Amended Complaint at ¶ 71.] As
noted in the 3/14 Order, Section 7431(d) states:
"Notwithstanding any other provision of law, an action to
enforce any liability created under this section may be brought,
without regard to the amount in controversy, at any time within
2 years after the date of discovery by the plaintiff of the
unauthorized inspection or disclosure." 3/14 Order, 2025 WL

17

821049, at *10 (quoting 26 U.S.C. § 7431(d)). "[T]he the statute
begins to run on the date on which a plaintiff discovers that
the allegedly unauthorized inspection or disclosure has taken
place, regardless of whether the plaintiff believed at that time
that the inspection or disclosure was authorized." Aloe Vera of
Am., Inc. v. United States, 580 F.3d 867, 872 (9th Cir. 2009).
Moreover, the Ninth Circuit held that the limitations period in
Section 7431(d) is jurisdictional and is not subject to waiver
or equitable tolling. Id. at 871-72.

        Count III of the First Amended Complaint was dismissed
for lack of subject matter jurisdiction. 3/14 Order, 2025 WL
821049, at *10. This Court stated that the alleged unauthorized
disclosure to Plaintiffs' mortgage lender occurred by no later
than 2007, therefore, Plaintiffs' claim was untimely as
Plaintiffs had to file suit within two years after the date of
discovery of the unauthorized disclosure. Id. Plaintiffs allege
in their memorandum in opposition to the instant Motion that
"[d]efendant's disclosure is not limited to a single event in
2007 but a continuous and fluctuating stream of disclosures
until 2023." [Mem. in Opp. at 9.] However, Plaintiffs failed to
allege any specific instances of unauthorized inspection or
disclosure by the IRS other than the alleged disclosure to
Plaintiffs' mortgage lender, which occurred by no later than
2007. See Second Amended Complaint at ¶¶ 79-80. Plaintiffs

failed to cure the defect identified in the 3/14 Order, and they
have not presented any argument indicating that they have
additional facts that they could allege if they were permitted
to file a third amended complaint. Cf. Zucco Partners, LLC v.
Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), *as amended*
(Feb. 10, 2009) ("The fact that [the plaintiffs] failed to
correct these deficiencies in its Second Amended Complaint is a
strong indication that the plaintiffs have no additional facts
to plead." (citation and internal quotation marks omitted)).
Therefore, Count III must be dismissed with prejudice for lack
of subject matter jurisdiction. The United States' Motion is
granted as to Count III.

**V.    <u>Count IV – Unauthorized Collection Actions Claim</u>**

Count IV is brought pursuant to Title 26 United States
Code Section 7433, [Second Amended Complaint at ¶ 82,] which
states, in relevant part:

> (a)  In general.--If, in connection with any
> collection of Federal tax with respect to a
> taxpayer, any officer or employee of the Internal
> Revenue Service recklessly or intentionally, or
> by reason of negligence, disregards any provision
> of this title, or any regulation promulgated
> under this title, such taxpayer may bring a civil
> action for damages against the United States in a
> district court of the United States. Except as
> provided in section 7432, such civil action shall
> be the exclusive remedy for recovering damages
> resulting from such actions.
>
> . . . .

    (d)   Limitations.--

        (1)  Requirement that administrative
        remedies be exhausted.--A judgment for
        damages shall not be awarded under
        subsection (b) unless the court determines
        that the plaintiff has exhausted the
        administrative remedies available to such
        plaintiff within the Internal Revenue
        Service.

        . . . .

        (3)  Period for bringing action.--
        Notwithstanding any other provision of law,
        an action to enforce liability created under
        this section may be brought without regard
        to the amount in controversy and may be
        brought only within 2 years after the date
        the right of action accrues.

The United States argues Plaintiffs' claim is untimely because they did not exhaust their administrative remedies, and they did not file suit within two years of the IRS's last collection action. [Motion at 16.] Under Section 7433(d)(3), Plaintiffs were required to file suit within two years of the accrual of their claim. A Section 7433 claim "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Plaintiffs assert that the basis of their Section 7433 claim is the "egregious conduct of IRS officer Michael Lucas." [Mem. in Opp. at 10.] The last contact that Plaintiffs allegedly had with Lucas was in 2017, six years before the filing of this suit. See Second Amended Complaint at

¶¶ 83-87. Because Plaintiffs have not alleged any other unauthorized collection actions other than the 2017 incident, Plaintiffs' Section 7433 claim is untimely. See § 7433(d)(3). Plaintiffs' untimely claim does not fall within the United States' waiver of its sovereign immunity for Section 7433 claims, and therefore Count IV must be dismissed for lack of subject matter jurisdiction.

Because it is clear that Plaintiffs cannot cure the defect in their Section 7433 unauthorized collections actions claim against the United States, the dismissal must be with prejudice. The United States' Motion is granted as to Count IV.

## VI.  Count V – Fifth Amendment Due Process Claim

> It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required because the existence of such consent is a prerequisite for jurisdiction.

McGuire v. United States, 550 F.3d 903, 910 (9th Cir. 2008) (alterations, quotation marks, and citation omitted). The United States argues Plaintiffs' failure to avail themselves of due process avenues that are provided in the Tax Code "does not provide [Plaintiffs] with an independent avenue to seek further process." [Motion at 16-17.] Further, the United States argues Plaintiffs failed to establish a waiver of sovereign immunity or

a jurisdictional basis for their due process claim. [Id. at 17.]
Plaintiffs argue their "due-process claim under Count V fills
the gap created" where their statutory claims "fail in
practice." [Mem. in Opp. at 11.] However, Plaintiffs do not cite
any statute that waives the United States' sovereign immunity
from independent due process claims, and therefore, Count V must
be dismissed for lack of subject matter jurisdiction. See
Devries v. I.R.S., 359 F. Supp. 2d 988, 993 (E.D. Cal. 2005)
("Plaintiff may only pursue his claim of constitutional
deprivation of due process rights within the context of a suit
specifically authorized by 26 U.S.C., section 7422 or similar
statutory provision."). Further, because it is clear that
Plaintiffs cannot cure the defect in their Fifth Amendment due
process claim against the United States, the dismissal must be
with prejudice. The United States' Motion is granted as to
Count V.

## CONCLUSION

        For the foregoing reasons, the United States' Motion
to Dismiss Second Amended Complaint (ECF No. 35), filed May 27,
2025, is HEREBY GRANTED. Plaintiffs' Second Amended Complaint,
filed April 14, 2025, is DISMISSED, with the exception of the
portion of Count I alleging a refund claim for the 2015 tax
year. The dismissal of the Second Amended Complaint is WITH
PREJUDICE.

The United States is DIRECTED to file its answer to the remaining portion of Count I by **September 10, 2025.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 27, 2025.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

PAUL J. GERSTENBERGER, ET AL. VS. UNITED STATES OF AMERICA; CV 24-00014 LEK-WRP; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF NO. 35)